# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 13-15760 MER |
| WESTERN CAPITAL PARTNERS LLC ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| ) | |
| WESTERN CAPITAL PARTNERS LLC, ) | Adversary No. 14-1119 MER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RUFUS COOK, BARBARA REVAK, ) | |
| THE RIDGELAND CORPORATION, ) | |
| RIDGELAND EAST END, LLC, ) | |
| UNITED LEGAL FOUNDATION, ) | |
| JACKSON PARK PINNACLE PLAZA, LLC, ) | Signed/Docketed |
| and COOK REVAK & ASSOCIATES, LLC, ) | November 24, 2014 |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER comes before the Court on two motions for summary judgment, one filed by Plaintiff Western Capital Partners ("WCP") and one filed by Defendants Rufus Cook, Barbara Revak, The Ridgeland Corporation, Ridgeland East End, LLC, United Legal Foundation, Jackson Park Pinnacle Plaza, LLC, and Cook Revak & Associates, LLC ("Defendants"). The issue presented by both motions is whether rulings of the Circuit Court of Cook County, Illinois ("State Court"), although on appeal, warrant the application of *res judicata* or other preclusion doctrines for either WCP or the Defendants for purposes of summary judgment.

## JURISDICTION

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) as it involves the allowance or disallowance of claims.

# BACKGROUND

The parties have submitted hundreds of pages of documents, including pleadings and orders from two pending State Court actions involving a commercial mortgage loan made by WCP. The underlying State Court disputes involve many parties not related to this adversary proceeding, including debtors in cases in the United States Bankruptcy Court for the Northern District of Illinois. Rather than dwelling on the entire procedural morass created in the State Court matters, the Court finds the following facts relevant to the determination of the motions for summary judgment.

**A.    The Foreclosure Action**

On August 29, 2007, WCP filed a foreclosure action in the State Court against Jackson Park Pinnacle Plaza, LLC and others (the "Foreclosure Action"). For reasons not explained to this Court, no significant activity occurred in the Foreclosure Action until two and a half years later (December 22, 2009), when Jackson Park Pinnacle Plaza, LLC, Ridgeland East End, LLC, United Legal Foundation, and The Ridgeland Corporation (the "Ridgeland Parties") filed an Answer and Counterclaim in the Foreclosure Action. The Ridgeland Parties amended their Answer and Counterclaim on February 22, 2010, to conform to the State Court's Order of January 22, 2010, regarding the ownership of Jackson Park Pinnacle Plaza, LLC.

On November 9, 2010, the State Court dismissed twelve of the nineteen claims in the Amended Counterclaim, including the causes of action directed at WCP. On November 29, 2010, the Ridgeland Parties filed a Second Amended Counterclaim in the Foreclosure Action. On August 29, 2011, the Ridgeland Parties sought leave further to amend their Second Amended Counterclaim in the Foreclosure Action. The State Court granted their motion on September 23, 2011, "solely to preserve issues on appeal."[1]

In October 2013, WCP filed a motion to dismiss the Foreclosure Action. The State Court granted this motion over the objection of the Ridgeland Parties. On April 14, 2014, the State Court denied the Ridgeland Parties' motion to vacate the order of dismissal. The Ridgeland Parties appealed this order, which appeal remains pending.

**B.    The Ridgeland Action**

On February 26, 2008, the Ridgeland Parties filed a separate lawsuit in the State Court against WCP and others (the "Ridgeland Action"). On April 16,

---

[1] *See* WCP's Motion for Summary Judgment, Exhibit 9.

2008, an Amended Complaint was filed. The State Court dismissed all claims against WCP on August 12, 2009, with the exception of a quiet title claim. The Ridgeland Parties' motion to reconsider the dismissal was denied November 9, 2010.

On July 16, 2014, the State Court granted the motion to dismiss the Ridgeland Action filed by Chicago Title Insurance Company and Chicago Title and Trust.[2] The Ridgeland Parties appealed the dismissal of the Ridgeland Action on August 15, 2014 and the appeal remains pending.[3]

**C.    WCP's Bankruptcy Case**

WCP filed its voluntary Chapter 11 petition on April 10, 2013, and its Amended Plan was confirmed May 15, 2014. On July 1, 2013, the following seven unsecured claims were filed: a) Claim No. 19 of Barbara Revak in the amount of $20 million; b) Claim No. 20 of Ridgeland Corporation in the amount of $20 million; c) Claim No. 21 of Ridgeland East End, LLC in the amount of $40 million; d) Claim No. 22 of United Legal Foundation in the amount of $20 million; e) Claim No. 23 of Jackson Park Pinnacle Plaza, LLC in the amount of $10 million; f) Claim No. 24 of Cook, Revak & Associates in the amount of $20 million; and g) Claim No. 25 of Rufus Cook in the amount of $20 million.

WCP commenced the instant adversary proceeding on February 26, 2014, asserting two claims for relief:  1) disallowance of Claims 19 through 25; and 2) to the extent Claims 19 through 25 are allowable, equitable subordination of these claims pursuant to 11 U.S.C. § 510(c)(1). Following denial of their motion to dismiss the adversary proceeding, the Defendants filed an Answer on May 28, 2014.

WCP's Motion for Summary Judgment contends WCP is entitled to judgment on its first claim for relief, disallowing the Defendants' claims based on the doctrines of *res judicata*, *stare decisis*, and *Rooker-Feldman*. The Defendants' Motion for Summary Judgment argues the claims filed by Ridgeland East End, LLC and Jackson Park Pinnacle Plaza, LLC must be allowed in WCP's case because the same claims were uncontested when filed in the Chapter 7

---

[2]  *See* WCP's Motion for Summary Judgment, Exhibit 18.

[3]  The Philadelphia Indemnity Insurance Company filed a complaint in the State Court against WCP and Chicago Title Insurance Company, and the action was later removed to the United States District Court for the Northern District of Illinois (the "Federal Case"). On February 1, 2011, the Ridgeland Parties filed a motion to intervene in the Federal Case, which was denied on February 28, 2011. The Ridgeland Parties again sought to intervene in the Federal Case on June 8, 2012, but their motion was denied on July 5, 2012. There is no indication the Ridgeland Parties filed any appeals in the Federal Case.

bankruptcy case of a guarantor of WCP's mortgage loan, Shivprasad Agrawal ("Agrawal").[4]

Specifically, the Defendants maintain Agrawal's bankruptcy filing removed jurisdiction from the State Court, and the claims' allowance in Agrawal's case should be given *res judicata* effect to prevent WCP from challenging the Defendants' claims in this case.[5] However, as the Defendants themselves noted in their Motion, the State Court entered an Order dated March 20, 2014, which stated in part:

> The Ridgeland Parties devote the majority of their brief to arguing, yet again, the issue of the effect of Shivprasad Agrawal's bankruptcy proceedings on this case. The Ridgeland parties' arguments on this issue have been rejected by this court multiple times. This court has clearly and unequivocally found that: (1) the bankruptcy trustee's final report abandoned the bankruptcy estate's interest in Jackson Park to Agrawal; and (2) that the interest in Jackson Park therefor [sic] reverted to Agrawal; (3) the bankruptcy proceedings were closed on January 20, 2012; and (4) the orders entered by this court after the conclusion of the bankruptcy proceeding are not null and void. The Ridgeland parties are not entitled to endless reconsideration of an issue despite their belief to the contrary.[6]

Mindful of these facts and the litigious history between the parties, the Court will turn to the merits of the motions for summary judgment.

---

[4] The Agrawal bankruptcy case was pending in the United States Bankruptcy Court for the Northern District of Illinois, and was closed on January 20, 2012. *See* WCP's Response in Opposition to Defendants' Motion for Summary Judgment, Docket No. 42, and Exhibit D(D) attached thereto. The July 2, 2013 State Court order denied the Ridgeland Parties' motion to vacate and void previous orders, and noting the orders in question entered after the closure of the Agrawal bankruptcy case. *Id.*

[5] The Ridgeland Parties brought claims against WCP, Agrawal, and others in the Ridgeland Action alleging, *inter alia*, conspiracy to commit fraud. Other parties to the Ridgeland Action who filed bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Illinois include Gregory and Laura Perkins and Louis and Barbara Jones. *See* Defendants' Motion for Summary Judgment, Docket No. 37, pp. 18–20 and Exhibits 23 and 27–32 attached thereto. It is not clear whether the Defendants are also asserting *res judicata* arising from the Perkins and Jones cases. However, even if the Defendants are making such assertions, the Court's analysis and findings herein would not change.

[6] Defendants' Motion for Summary Judgment, pp. 21-22, quoting Exhibit 37 attached thereto, State Court's Order of March 20, 2014.

## DISCUSSION

### A. Summary Judgment Standards

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[7] The burden for establishing entitlement to summary judgment rests on the movant,[8] and the Court must view the record in the light most favorable to the non-moving party.[9] Summary judgment is not appropriate where a dispute exists as to facts which could affect the outcome of the suit under relevant law.[10] A genuine dispute over a material fact exists when the "evidence supporting the claimed factual dispute [is] shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[11]

### B. *Res Judicata*

#### 1. *Elements of Res Judicata.*

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same causes of action."[12] The doctrine of *res judicata* generally applies in bankruptcy proceedings.[13] In addressing preclusion doctrines such as *res judicata*, a federal court must look to the law of the state in which the previous judgment entered, pursuant to the full faith and credit statute, 28 U.S.C. § 1738.[14]

---

[7] FED. R. CIV. P. 56, (as incorporated by FED. R. BANKR. P. 7056); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986).

[8] *Celotex*, 477 U.S. at 323.

[9] *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988).

[10] *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987).

[11] *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-289 (1968)).

[12] *Brown v. Felson*, 442 U.S. 127, 131 (1979).

[13] *Padilla v. Griego ( In re Griego)*, 64 F.3d 580, 584 (10th Cir.1995).

[14] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). See also Nichols v. Board of County Commissioners, 506 F. 3d 962, 967 (10th Cir. 2007) (citing *Marrese*).

Similar to federal law, under Illinois law, "*res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action."[15] For *res judicata* to apply, 1) there must have been a final judgment on the merits rendered by a court of competent jurisdiction; 2) there must have been an identity of the cause of action; and 3) there must have been an identity of the parties or their privies.[16] The burden of proof rests on the party seeking to invoke the doctrine.[17]

> 2. *The Effect of Pending Appeals With Respect to WCP's Assertion of Res Judicata.*

In this case, the second and third elements of *res judicata* are not at issue. Specifically, the cause of action – the Defendants' claims against WCP on the grounds set forth in the Foreclosure Action and the Ridgeland Action – are the same. Also, WCP and the Defendants are parties to both actions. The question is whether the presence of State Court appeals affects the finality of the State Court judgments for purposes of the first criterion.

The Appellate Court of Illinois addressed the finality prong of *res judicata* as follows:

> [A] final judgment can serve as the basis to apply the doctrine of *res judicata* even though that judgment is being appealed. *Illinois Founders Insurance Co. v. Guidish*, 248 Ill. App. 3d 116, 120, 187 Ill. Dec. 845, 618 N.E. 2d 436 (1993). However, when a party appeals the judgment in one case, it is possible that conflicting judgments can result by allowing the judgment in the first case to serve as the basis for *res judicata* in the second case because the judgment in the first case could be reversed on appeal. *Barth*, 339 Ill. App. 3d at 668, 275 Ill. Dec. 84, 792 N.E. 2d 315; *Illinois Founders Insurance Co.*, 248 Ill. App. 3d at 120–21, 187 Ill. Dec. 845, 618 N.E.2d 436. To avoid such a result, Illinois courts have recognized that it is appropriate to delay a decision in the second case pending the appeal of the first case. *Barth*, 339 Ill. App. 3d at 668, 275 Ill. Dec. 84, 792 N.E. 2d 315; *Illinois Founders Insurance Co.*, 248 Ill. App. 3d at 121, 187 Ill. Dec.

---

[15] *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). *See also In re Estate of Brown*, 2014 IL App (1st) 122857, at **863 (June 20, 2014) (citing *Rein*).

[16] *Rein*, at 335.

[17] *Diversified Financial Systems, Inc. v. Boyd*, 286 Ill. App. 3d 911, 915 (1997).

845, 618 N.E.2d 436; *Wiseman v. Law Research Service*, Inc., 133 Ill. App. 2d 790, 793, 270 N.E.2d 77 (1971).[18]

The complex factual and procedural background of this case raise the very possibility of inconsistent judgments akin to those noted by the *Kensington* Court. If the Defendants' appeals are successful, they may pursue claims against WCP and possibly obtain judgments. Such a result would directly conflict with a ruling by this Court disallowing such claims. Thus, the Court concludes *res judicata* should not apply to WCP's first claim for relief seeking disallowance of the Defendants' claims.

> 3.  *The Applicability of Res Judicata to the Claims Filed by the Defendants in Agrawal's Illinois Bankruptcy Case.*

With respect to the Defendants' assertion of *res judicata*, the Court finds the parties are not the same. Proofs of claim in Agrawal's case involve the Defendants and Agrawa only, WCP was not a party in that case. The matter before this Court concerns claims asserted by the Defendants against a different debtor, WCP. Accordingly, the doctrine of *res judicata* does not provide a basis for awarding summary judgment to the Defendants because the parties are not the same.

**B.    *Stare Decisis***

Illinois courts have stated the doctrine of *stare decisis* requires a court to follow the decisions of higher courts; it does not require a court to follow the decisions of equal or inferior courts.[19] Colorado courts have found the doctrine requires a court to follow a rule of law established by that same court in earlier cases unless "sound reasons exist."[20] The United States Court of Appeals for the Federal Circuit has set forth a useful explanation of the doctrine:

> *Stare decisis* "deals only with law" and each prior precedential holding of the court becomes a "statement of the law, or precedent, binding

---

[18]  *Kensington's Wine Auctioneers and Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill App. 3d 1, 17 (2009) (citing *In re Estate of Barth*, 339 Ill App. 3d 651 (2003); *Illinois Founders Insurance Co. v. Guidish*, 248 Ill App. 3d 116 (1993); *Wiseman v. Law Research, Inc.*, 133 Ill App. 2d 790 (1971)).

[19]  *GM Sign, Inc. v. State Farm Fire and Cas. Co.*, 2014 IL App. (2d) 130593, at *8 (2014) (citing *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008)); *In re Wolf*, ___B.R. ___, 2014 WL 5302953, at *23 (Bankr. N.D. Ill. Oct. 15, 2014).

[20]  *People v. Blehm*, 983 P.2d 779, 789 (Colo. 1999).

in future cases before the same court or another court owing obedience to its decision." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993) (internal citations removed). *Stare decisis*, therefore, is limited to only the legal determinations made in a prior precedential opinion and does not apply to either issues of fact, such as classification of specific goods within a construed tariff provision, or issues of law that were not part of a holding in a prior decision. *Avenues in Leather v. United States*, 423 F.3d 1326, 1331 (Fed. Cir. 2005) ("*Avenues III*").[21]

In this matter, the presence of the appeals pertaining to the key issue of whether the Ridgeland Parties have claims against WCP prevents the application of *stare decisis*. Further, the determinations of the State Court and the filings in the Bankruptcy Court for the Northern District of Illinois do not, in and of themselves, provide a statement of the law of this case binding on this Court. Accordingly, the parties' arguments as to *stare decisis* do not entitle either to summary judgment.

**C. Rooker-Feldman Doctrine.**

The Supreme Court has stated the *Rooker–Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[22]

The Court agrees with WCP that under the *Rooker-Feldman* doctrine "this Court cannot second guess the orders and judgment entered by the Circuit Court. It can only: 1) grant those orders and the Circuit Courts' judgment conclusive effect; or 2) stay determination of the Defendants' claims until the appeal has been exhausted."[23] However, the Court does not agree with WCP's contention the first option is appropriate. Rather, as discussed above, the Court finds the central issue of the appeals is the entitlement of the Ridgeland Parties to assert claims against WCP. Therefore, it would be inappropriate for this Court to anticipate what the Illinois Court of Appeals might determine and potentially

---

[21] *Deckers Corp. v. United States*, 752 F.3d 949, 956 (Fed. Cir. 2014) (giving *stare decisis* effect to a holding by a different panel of the Federal Circuit in a previous case involving the same parties).

[22] *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

[23] WCP's Motion for Summary Judgment, Docket No. 36, p. 15.

issue conflicting rulings.  Therefore, the *Rooker-Feldman* doctrine also fails as a basis for summary judgment.  Accordingly, the Court will hold the instant adversary proceeding in abeyance pending the outcome of the State Court appeals.

## CONCLUSION

Based upon the findings and conclusions above,

IT IS ORDERED WCP's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED the Defendants' Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED the above-captioned adversary proceeding shall be held in abeyance pending the final adjudication of the Foreclosure Action and Ridgeland Action appeals.  The parties shall file a status report with this Court upon a decision being rendered on either or both appeals, or June 1, 2015, whichever comes first.

Dated November 24, 2014                     BY THE COURT:

                                            Michael E. Romero
                                            United States Bankruptcy Judge